McDonnell|Crowley

May 21, 2014

Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

        **RE:**   *In re Bayfront Marina & Yacht Basin, LLC*,
                **Case No. 14-20165 (MBK);**
                **Chapter 7 Trustee's Opposition to the Application of Litho-Tech, Inc. for an Order Shortening the Time Period for Consideration of its Lift Stay Motion**

Dear Judge Kaplan:

      Please accept this short letter brief filed on behalf of John M. McDonnell, Chapter 7 Trustee (the "Trustee") for the estate of Bayfront Marina & Yacht Basin, the Chapter 7 Debtor (the "Debtor") in lieu of a more formal memorandum in opposition to the application (the "Shorten Time Application") filed by Litho-Tech, Inc. ("Litho") for entry of an order shortening the time period and limiting notice under Rule 9006 of the Federal Rules of Bankruptcy Procedure on the creditor's motion for an order vacating the automatic stay pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). See Docket Nos. 8 – 9.

      With all due defense to Litho – "hold your horses."

      As a preliminary matter, the Trustee does not feel Litho has met its burden for relief from the automatic stay and will be filing his opposition to the under lying lift stay motion.

      As to the Shorten Time Application, the automatic stay is a fundamental protection afforded under the Bankruptcy Code and should not be easily removed without allowing time for careful consideration of the issues. *See Midlantic Nat'l Bank v. N.J. Dept. of Envt'l Protection,* 474 U.S. 494, 503 (1986); *Taylor v. Slick,* 178 F.3d 698, 702 (3d Cir. 1999). Accordingly, the Trustee opposes a hearing on the lift stay motion before the 341 meeting of creditors and outside the normal noticing dates and practices that are provided for under the Bankruptcy Code and Bankruptcy Rules.

      Here there is no immediate need for consideration of the lift stay motion and the relief sought in the Shorten Time Application should be denied.

115 Maple Avenue
Red Bank, NJ 07701
732−383−7233|Phone
732−383−7531|Fax
www.mcdonnellcrowley.com

The real property, 96 Bryant Road, Waretown, New Jersey 08758 (the "Waretown Property") that forms much of the basis for the lift stay motion has been secured by the Trustee.

Indeed, many of the issues raised or implied in the Shorten Time Application have already been addressed by the Trustee in only *24 hours* since he has been appointed in this case. Specifically:

- The Trustee has secured insurance on the Waretown Property;

- The Trustee has filed various applications to retain professionals, including a realtor, counsel, special counsel, and accountants – the Trustee is not sitting on the bench but already has his team in the field working for the benefit of all the creditors of the estate;

- The Trustee, within hours of his appointment, traveled to the Waretown Property and secured same;

- Conducted an equity analysis of the Waretown Property. ***Based upon this initial review of the Waretown Property, the claims against it, the cost of sale and related issues, the Trustee believes there is significant equity in the property that can be realized for the benefit of all creditors.***

- The Trustee has already directed the former principal of the Debtor and his affiliates to cease and desist from entering the Waretown Property and/or removing any property whatsoever.

This is just what the Trustee did in the first 24 hours.

Moreover, Litho makes much about the apparent shiftiness of the Debtor and the need for a neutral party to maintain the Waretown Property. The Trustee makes no initial judgments as to the integrity of the former management of the Debtor – however, the Trustee does believe the Waretown Property and the entire estate requires a neutral third party to judicially marshal assets of the estate. However, this protection and benefit should not be limited to Litho in the form or its rent receiver, but rather a Chapter 7 Trustee, as envisioned by Congress, who will work for the benefit of all the stakeholders of the estate and not just one creditor.

For all the forgoing reasons, and in the interests of equity to allow a substantive consideration of the lift stay motion on the largest asset of the estate, the Trustee respectfully requests this Court deny the relief sought in the Shorten Time Application, and such further and additional relief as this Court deems just, proper, and equitable.

McDonnell|Crowley

Please contact me if Your Honor has any questions or requires additional information.

Respectfully submitted,

*/s/ Brian T. Crowley*

Brian T. Crowley

cc:      Steven J. Abelson, Esq. (via sjaesq@atrbklaw.com and ECF)
            Kevin Quinlan, Esq. (via ksqesqct@comcast.net, ksqesqct@gmail.com and ECF).